IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KAREN POOLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-23-Z-BR |
| | § | |
| AXA EQUITABLE LIFE INSURANCE COMPANY, AXA EQUITABLE AGRIFINANCE, LLC, and BRAD COTTRELL, Individually, | § § § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION TO REMAND**

Before the Court is Plaintiff Karen Poole's ("Plaintiff") Motion to Remand and brief in support. (ECF 18, 19). AXA Equitable Life Insurance Company ("AXA Life Insurance") and AXA Equitable AgriFinance, LLC ("AXA AgriFinance") (collectively, "Lender Defendants"), filed a response to the motion, (ECF 26), to which Plaintiff replied, (ECF 27). The Court has reviewed the parties' arguments, as well as AXA Life Insurance's Amended Notice of Removal, (ECF 29), Plaintiff's Original Petition, (ECF 1-3 at 7–12), and a document attached to Plaintiff's brief in support of her Motion to Remand entitled Agreement of Limited Partnership of the Entrania Springs Limited Partnership ("Entrania Springs partnership agreement"), (ECF 19 at 13–61). For the reasons explained below, the Court recommends that the Motion to Remand be DENIED.

**I. BACKGROUND**

On December 31, 2018, Plaintiff filed her Original Petition in the 69th Judicial District Court of Dallam County, Texas. (ECF 1-3 at 7–12). Plaintiff's Original Petition brings claims of slander of title, fraud/misrepresentation, negligence, conversion, aiding and abetting breaches of

fiduciary duties, and tortious interference with contracts against Defendants AXA Life Insurance, AXA AgriFinance, and Brad Cottrell ("Cottrell") (collectively, "Defendants"). (*Id.*).

Plaintiff's Original Petition states Entrania Springs Limited Partnership ("Entrania Springs") is "a Texas Limited Partnership whose main asset consists of ranch/farm land[—i.e., the Entrania Springs property—]primarily located in Dallam County." (*Id.* at ¶ 9). Plaintiff—a limited partner of Entrania Springs—owns "99% of Entrania Springs." (*Id.*). Poole IV, Inc. ("Poole IV")—the general partner of Entrania Springs—owns "[t]he remaining 1% of Entrania Springs." *Id.* Plaintiff—a director of Poole IV—also owns "50% of Poole IV." (*Id.*). Consequently, Plaintiff allegedly owns a total of "99.5% of Entrania Springs." (*Id.*).

In 2017, Defendant AXA Life Insurance allegedly loaned $9,900,000.00 to Poole IV "without [Plaintiff's] knowledge [or] consent." (*Id.* at ¶ 10). Defendant AXA Life Insurance used the Entrania Springs property as "collateral" to secure the loan through a lien. (*Id.*). Defendant AXA AgriFinance is the servicer of the loan, and Cottrell is the "local AXA [AgriFinance] agent who worked with Poole IV to acquire the loan." (*Id.*). Each Defendant allegedly knew that "[Plaintiff] owned 99.5% of Entrania Springs" and "[Plaintiff] had not consented to the loan or to using [the] Entrania Springs [property] as collateral for the loan." (*Id.* at ¶ 11). Defendants allegedly "conspired with the ½% owners of Entrania Springs to make the loan and use [Plaintiff's] interests [in the Entrania Springs property] as collateral." (*Id.*). Plaintiff also claims the Defendants made the secured loan "without the knowledge or consent of [Plaintiff]." (*Id.* at ¶ 12). "No partner of Entrania Springs—including the general partner, Poole IV—had the authority to pledge [the] Entrania Springs [property] as collateral to any loan without [Plaintiff's] authority." (*Id.*).

Among other things, Plaintiff claims that "[Defendant] Cottrell, and the AXA entities he represents, made material statements that were false, and those statements resulted in the $9,900,000.00 encumbrance on [Plaintiff's interests in the] Entrania Springs property" and "[t]he

2

statements were made knowing that they were false and to induce action on the false statements." (*Id.* at ¶ 14). Plaintiff further alleges that each and every Defendant knew that "the borrowers on the $9,900,000.00 loan at issue did not have the authority to encumber the Entrania Springs real property," that "the board of directors of Poole IV and the partners in Entrania Springs . . . owed [Plaintiff] fiduciary duties," and that "making the loan—[and] thereby encumbering the Entrania Springs real property—was to the detriment of [Plaintiff] and a breach of fiduciary duties owing to [Plaintiff]" because "[Plaintiff] did not consent to the loan." (*Id.* at ¶ 17).

On February 4, 2019, Defendant AXA Life Insurance removed the case to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, on the basis of diversity of citizenship. (ECF 1). Defendant AXA Life Insurance subsequently filed an Amended Notice of Removal. (ECF 29). Within the Amended Notice of Removal, Defendant AXA Life Insurance alleges that the amount in controversy exceeds $75,000.00, Plaintiff is a citizen of Texas, Defendant AXA Life Insurance is a citizen of New York, Defendant AXA AgriFinance is a citizen of New York, Delaware, and Iowa, and Cottrell is a citizen of Texas. (*Id.* at 2–3). Although Defendant AXA Life Insurance acknowledges that Cottrell, like Plaintiff, is a citizen of Texas, it alleges that his citizenship should be ignored because he was improperly joined to defeat removal. (*Id.* at 3). Defendant AXA Life Insurance further alleges that the "common defense" rule is inapplicable in this case. (*Id.* at 8–9).

On March 25, 2019, Plaintiff filed a Motion to Remand on the ground that diversity jurisdiction is lacking because Plaintiff and Cottrell are both properly joined Texas citizens. (ECF 18). The Lender Defendants filed their Response to her Motion on April 12, 2019, (ECF 26), and Plaintiff filed her Reply to their Response on April 22, 2019, (ECF 27).

## II. STANDARD OF REVIEW

"To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the

plaintiff to establish a cause of action against the non-diverse party in state court.' " *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) (quoting *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)); *see Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009). The first ground—actual fraud—is not at issue in this case. Our District has explained the purpose of the second ground by which a defendant may show improper joinder:

> To prove improper joinder under the second ground, a defendant must show there is no reasonable basis for predicting that state law might impose liability against any non-diverse defendants. The court does not have to predict whether the plaintiff will certainly prevail on the merits, nor even if it will likely do so. Instead, the court must determine whether the plaintiff might possibly prevail. The court uses a standard similar to that employed for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), to determine whether a "reasonable basis" for liability exists. A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal. However, the court must take as true the plaintiff's well-pleaded allegations of fact, and resolve any contested issues of fact or ambiguities in state law in favor of the plaintiff. Because the purpose underlying the improper joinder inquiry "is to determine whether or not the in-state defendant was properly joined," the court's focus must be on whether there is any possibility of recovery against the local defendant.

*Cantor*, 641 F. Supp. 2d at 607–08 (internal citations omitted).

### III. ANALYSIS

The Lender Defendants argue that Cottrell is an improperly joined non-diverse defendant because Plaintiff's Original Petition fails to state a claim against Cottrell. (ECF 26 at 9–10); *see Cantor*, 641 F. Supp. 2d at 612–13. Thus, the Court must determine whether the Lender Defendants have met their burden to show improper joinder under the second ground by showing there is no reasonable basis to predict Plaintiff might possibly recover against Cottrell.

As an initial matter, the Court notes that Plaintiff's Original Petition identifies the separate Defendants in its Fact section, then refers to the Defendants collectively in the entire Causes of Action section, except for one reference to Cottrell in the Fraud/Misrepresentation paragraph. (*See* ECF 1-3). Plaintiff's Original Petition states AXA Life Insurance is the lender of the loan at issue,

and the causes of action alleged focus on the use of Entrania Springs as collateral for the loan. (*See id.*). The Original Petition further states that Cottrell was the "local AXA agent who worked with Poole IV to acquire the loan." (*See id*. at 8). The Lender Defendants claim Cottrell acted only as a loan officer during the due diligence phase of the lending process, but did not participate in the closing of the loan or have decision-making authority. (ECF 26 at 5). Plaintiff does not dispute that Cottrell lacked decision-making authority with respect to the loan. Plaintiff's general references to the Defendants collectively, combined with the lack of facts supporting Cottrell's individual liability, leads the Court to question whether Cottrell was made a defendant to destroy diversity jurisdiction.

### A. REASONABLE BASIS FOR PLAINTIFF'S RECOVERY AGAINST COTTRELL

A defendant may show improper joinder of a non-diverse defendant by showing the plaintiff "[made] general allegations and fail[ed] to support them with specific, underlying facts, [such that plaintiff has] not established a reasonable basis for the Court to predict that relief may be granted." *See Cantor*, 641 F. Supp. 2d at 612.

#### 1. SLANDER OF TITLE

" 'Slander of title' consists of a 'false and malicious statement made in disparagement of a person's title to property which causes special damages.' " *Allen-Pieroni v. Pieroni*, 535 S.W.3d 887, 887 (Tex. 2017) (quoting *Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co.*, 223 S.W.3d 1, 20 (Tex. App.—El Paso 2005, pet. denied)). In order to state a claim for slander of title under Texas law, a plaintiff must allege six elements:

(1) "the uttering and publishing of disparaging words;"

(2) "that are false;"

(3) "that were malicious;"

(4) "that special damages were sustained thereby;"

> (5) "that the claimant possessed an estate or interest in the property disparaged;" and
>
> (6) "loss of a specific sale as a result of the slander."

*Henley v. JP Morgan Chase Bank, Nat'l. Assn for Deutsche Bank Nat'l Tr. Co.*, No. 3:10-CV-1344-P, 2010 WL 11619016, at *2 (N.D. Tex. Dec. 22, 2010) (quoting *Hillwood Enters., L.P. v. Intel Corp.*, No. 4:08-CV-112, 2010 WL 652821, at *2 (E.D. Tex. Feb. 23, 2010)).

Plaintiff's Original Petition alleges that Defendants' lien on her title to the Entrania Springs property constitutes a slander of title. (ECF 1-3 at 9). Plaintiff's Original Petition fails to state a claim for slander of title claim against Cottrell. For example, there are no specific, underlying facts to support an allegation that Cottrell is a party to the loan or a lienholder.

## 2. FRAUD/MISREPRESENTATION

"Fraud by misrepresentation requires 'a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury.' " *Jang Won Cho v. Kun Sik Kim*, 572 S.W.3d 783, 801 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (quoting *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015)). To state a claim of fraud by misrepresentation under Texas law, a plaintiff must allege five elements:

> (1) "a misrepresentation that;"
>
> (2) "the speaker knew to be false or made recklessly"
>
> (3) "with the intention to induce the plaintiff's reliance, followed by"
>
> (4) "actual and justifiable reliance"
>
> (5) "causing injury."

*Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). "Fraud claims are subject to a heightened pleading standard under Rule 9(b)." *Int'l Energy Ventures*

6

*Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 206–08 (5th Cir. 2016) (applying heightened pleading standard when conducting improper joinder analysis); *Lyons v. Am.'s Wholesale Lender*, No. 3:13-CV-2608-B, 2014 WL 12640238, at *5 (N.D. Tex. Apr. 15, 2014). "Rule 9(b) requires 'a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.' " *Oblio Telecom, Inc. v. Patel*, 711 F. Supp. 2d 668, 678 (N.D. Tex. 2008) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)). "More colloquially, plaintiffs must plead the 'who, what, when, where, and how' of the fraud." *Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, No. 3:17-CV-1147-D, 2019 WL 329545, at *5 (N.D. Tex. Jan. 25, 2019) (quoting *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)).

Plaintiff's Original Petition claims Defendants knowingly made false statements, that Defendants' statements were made to induce action, that Defendants' statements resulted in the lien on the Entrania Springs property, and that Defendants' statements damaged her. (ECF 1-3 at 9–10). Plaintiff's Original Petition fails to state a claim for fraud by misrepresentation against Cottrell. There is no allegation that Cottrell made any false statement to Plaintiff that she actually and justifiably relied on to her detriment.

### 3. NEGLIGENCE

To prevail on a negligence claim under Texas law, a plaintiff must show four essential elements:

(1) "a legal duty owed to the plaintiff by the defendant;"

(2) "a breach of that duty;"

(3) "an actual injury to the plaintiff;" and

(4) "a showing that the breach was the proximate cause of the injury."

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 314 (5th Cir. 2002) (quoting *Gutierrez v. Excel Corp.*, 106 F.3d 683, 687 (5th Cir. 1997)).

Plaintiff's Original Petition states Defendants owed her a duty not to commit any torts against her, that Defendants breached that duty of care when they encumbered her interest in the Entrania Springs property without her knowledge or consent, and that Defendants worked together to encumber her interest in the Entrania Springs property. (ECF 1-3 at 10).

Under Texas law, "[l]enders and their agents ordinarily have no fiduciary duty to borrowers or putative borrowers." *Hopkins v. Wells Fargo Bank, N.A.*, No. 3:10-CV-1857-D, 2011 WL 611664, at *2 (N.D. Tex. Feb. 18, 2011) (quoting *In re Absolute Res. Corp.*, 76 F. Supp. 2d 723, 734 (N.D. Tex. 1999)). "In order to prove that a fiduciary relationship does exist in such a context, the plaintiff must show extraordinary circumstances such as excessive control and influence by the lender on the borrower's business activities." *Id*. (quoting *In re Absolute Res. Corp.*, 76 F. Supp. 2d at 734). Plaintiff's Original Petition fails to state a negligence claim against Cottrell. For example, the Original Petition contains no specific, underlying facts to support any allegation that Cottrell owed Plaintiff a duty as an individual, or as an employee of AXA Life Insurance.

### 4. CONVERSION

"Conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights." *Freezia v. IS Storage Venture, LLC*, 474 S.W.3d 379, 386 (Tex. App.—Houston [14th Dist.] 2015, no pet.). To succeed on a conversion claim under Texas law, a plaintiff must prove the following four elements:

(1) "[s]he legally possessed the property or was entitled to it;"

(2) "the defendant wrongfully exercised dominion and control over the property, excluding the plaintiff;"

(3) "the plaintiff demanded the property's return;" and

(4) "the defendant refused."

*United States v. Boardwalk Motor Sports, Ltd.*, 692 F.3d 378, 381 (5th Cir. 2012) (quoting *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009)).

Plaintiff's Original Petition states Plaintiff is the beneficial owner of 99.5% of Entrania Springs (the entity), she is the beneficial owner of 99.5% of the Entrania Springs property (the ranch/farm land), she owned, had legal possession of, or was entitled to possess the property, Defendants assumed and exercised dominion and control over the property to the exclusion of and inconsistent with her rights, she has made demands for the property, and Defendants have refused to return the property to her. (ECF 1-3 at 10). It is unclear whether Plaintiff intends to assert a claim of conversion against Cottrell because there are no facts to support an allegation that Cottrell exercised dominion over Plaintiff's property, or that he refused to return Plaintiff's property. Plaintiff pleaded no specific, underlying facts showing Cottrell is a party to the loan or a lienholder, and the Original Petition does not even suggest Cottrell is the employee of the lender or lienholder, AXA Life Insurance. Thus, assuming Plaintiff intends to assert a conversion claim against Cottrell, the claim would fail because there are no specific, underlying facts to support Plaintiff's general allegations.

### 5. AIDING AND ABETTING BREACHES OF FIDUCIARY DUTIES

"Texas recognizes a cause of action for aiding and abetting a breach of fiduciary duty." *Floyd v. Hefner*, 556 F. Supp. 2d 617, 654 (S.D. Tex. 2008). A plaintiff must establish three elements to establish a claim for aiding and abetting a breach of fiduciary duty under Texas law:

(1) "the existence of a fiduciary relationship;"

(2) "that the third party knew of the fiduciary relationship;" and

(3) "that the third party was aware that it was participating in the breach of that fiduciary relationship."

*Janvey v. Proskauer Rose LLP*, No. 3:13-CV-0477-N, 2015 WL 11121540, at *7 (N.D. Tex. June 23, 2015) (quoting *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639 (5th Cir. 2007)). "An additional element of an aiding and abetting claim is that the aider gave 'substantial assistance and encouragement to [the] wrongdoer in a tortious act.' " *Id.* at *6 (alteration in original) (quoting *W. Fork Advisors, LLC v. SunGard Consulting Servs., LLC*, 437 S.W.3d 917, 921 (Tex. App.—Dallas 2014, pet. denied)).

Plaintiff's Original Petition states Defendants knew that the borrowers of the loan at issue did not have the authority to encumber the Entrania Springs property, knew that Plaintiff was the beneficial owner of 99.5% of the Entrania Springs property, knew that Poole IV's board of directors and the partners in Entrania Springs owed Plaintiff fiduciary duties, knew that making the loan—and thereby encumbering the Entrania Springs property—was to the detriment of Plaintiff and a breach of fiduciary duties owed to Plaintiff, and knew that Plaintiff did not consent to the loan. (ECF 1-3 at 10–11). Plaintiff's Original Petition fails to state a claim against Cottrell for aiding and abetting breaches of fiduciary duty. The Original Petition contains no specific, underlying facts to support any allegation that Cottrell gave substantial assistance and encouragement to Poole IV or the partners in Entrania Springs in the breach of any fiduciary duty owed to Plaintiff.

### 6. TORTIOUS INTERFERENCE WITH CONTRACTS

"[A] party to a contract has a cause of action for tortious interference against any third person (a stranger to the contract) who wrongly induces another contracting party to breach the contract." *N. Texas Opportunity Fund L.P. v. Hammerman & Gainer Int'l, Inc.*, 107 F. Supp. 3d 620, 635 (N.D. Tex. 2015) (quoting *Holloway v. Skinner*, 898 S.W.2d 793, 794–95 (Tex. 1995)). To establish a tortious interference with contracts claim under Texas law, a plaintiff must plead four elements:

    (1) "the existence of a contract subject to interference;"

    (2) "willful and intentional interference;"

    (3) "that proximately causes damage;" and

    (4) "actual damage or loss."

*MCVonnect, LLC v. Recovery Database Network, Inc.*, No. 3:10-CV-1948-F, 2011 WL 13128800, at *2 (N.D. Tex. Nov. 4, 2011) (citing *Amigo Broad., LP v. Spanish Broad. Sys., Inc.*, 521 F.3d 472, 489 (5th Cir. 2008)). "To establish proximate cause [for a tortious interference claim], a party must show that 'the defendant took an active part in persuading a party to a contract to breach it.'" *Amigo Broad.*, 521 F.3d at 493 (quoting *Davis v. HydPro, Inc.*, 839 S.W.2d 137, 139 (Tex. App.—Eastland 1992, writ denied)). "Merely entering into a contract with a party with the knowledge of that party's contractual obligations to someone else is not the same as inducing a breach." *Id*. (quoting *Davis*, 839 S.W.2d at 139).

    Plaintiff's Original Petition states she is a party to the Entrania Springs partnership agreement and the Poole IV articles of incorporation and bylaws, that Defendants engaged in a willful or intentional act of interference with those contracts, that Defendants' acts were the proximate cause of injury to her, and that the injury resulted in actual damage or loss to her. Plaintiff's Original Petition fails to state a claim against Cottrell for tortious interference with contracts. There are no specific, underlying facts to show that Cottrell took an active part in persuading any party to the Entrania Springs partnership agreement or the Poole IV articles of incorporation and bylaws to breach those contracts.

    For these reasons, the Court concludes there is no reasonable basis to predict that state law would allow Plaintiff to recover against Cottrell on any of the claims in Plaintiff's Original Petition. Thus, Cottrell was improperly joined in this suit.

## B.  COMMON DEFENSE RULE

Because the Lender Defendants provided briefing and argument regarding the inapplicability of the common defense rule, the Court briefly addresses why the rule does not apply. There is no improper joinder if the reason "that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the non[-]resident defendant." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d at 183–184, n.4 (quoting *Smallwood*, 385 F.3d at 574).

In *Boone*, Plaintiff sued several diverse entities, including the parent company of the lender Plaintiff complained of, and three non-diverse employees of the lender, claiming the lender engaged in unlawful misrepresentation and non-disclosure in connection with loans. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 385–86 (5th Cir. 2005). As in this case, one of the non-diverse defendant employees was a loan officer, and the Plaintiff's claims included fraudulent misrepresentation. *Id*. at 386. The Fifth Circuit Court of Appeals considered whether the common defense rule recognized in *Smallwood* required remand of the case where the district court denied remand and granted summary judgment, ultimately finding that the same statute of limitations barred all claims against the diverse and non-diverse defendants. *Id*. at 390. The court held the rule did not apply because the statute of limitations defense, which barred all claims, did not apply to all claims against the diverse defendants in the same way it applied to the claims against the non-diverse defendants. *See id*. at 390–92. As in this case, the claims in *Boone* against the diverse entity defendants included claims *not* based on *respondeat superior* or the non-diverse employees' alleged wrongs. Because at least some of the claims against the diverse entity defendants were "analytically distinct" from the claims against the non-diverse employees, the failure of the claims against the employees could not cause the claims against the entities to fail as well. *Id*. at 391–92.

The Court finds the common defense rule does not apply because Plaintiff asserts at least one analytically distinct claim against the Lender Defendants, which does not necessarily fail if the claims against Cottrell fail. For example, Plaintiff's failure to state a claim for slander of title against Cottrell does not compel a finding that Plaintiff's slander of title claims against the Lender Defendants fail. Plaintiff claims that Defendants' lien on her title to the Entrania Springs property constitutes slander of title. The absence of specific facts showing Cottrell is a party to the loan, or that he knowingly participated in his employer's alleged tortious conduct, is not dispositive of Plaintiff's slander of title claims against the Lender Defendants.

Having found there is no reasonable basis to predict that state law would allow Plaintiff to recover against Cottrell on any of the claims in Plaintiff's Original Petition, the Court disregards his joinder for purposes of determining subject matter jurisdiction. The Court finds the amount in controversy exceeds $75,000.00, Plaintiff is a citizen of Texas, Defendant AXA Life Insurance is a citizen of New York, and Defendant AXA AgriFinance is a citizen of New York, Delaware, and Iowa. (ECF 29 at 2–3). As a result, removal of this case was proper, and the Court has subject matter jurisdiction over this suit.

## IV. **RECOMMENDATION**

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Plaintiff's Motion to Remand (ECF 18) be DENIED.

It is further RECOMMENDED that Plaintiff be DENIED "payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal," 28 U.S.C. § 1447(c), because Defendant AXA Life Insurance had an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 23, 2019.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).