IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| KAREN POOLE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:19-CV-23-Z-BR |
| § | |
| AXA EQUITABLE LIFE INSURANCE § | |
| COMPANY, AXA EQUITABLE § | |
| AGRIFINANCE, LLC, and BRAD § | |
| COTTRELL, Individually, § | |
| § | |
| Defendants. § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY WITHOUT PREJUDICE AS MOOT DEFENDANTS' MOTION TO DISMISS**

This Court previously issued a Findings, Conclusions, and Recommendation (ECF 32) on a Motion to Dismiss filed by Defendant AXA Equitable Life Insurance Company ("AXA Life Insurance") and Defendant AXA Equitable AgriFinance, LLC ("AXA AgriFinance") (collectively, "Lender Defendants") (ECF 7). The Court deems it appropriate to issue these Supplemental Findings, Conclusions, and Recommendation on the Motion to Dismiss in light of a subsequently-filed amended pleading. For the reasons explained below, the Court recommends that the Motion to Dismiss be DENIED without prejudice as moot.

**I. BACKGROUND**

On December 31, 2018, Poole filed her Original Petition in the 69th Judicial District Court of Dallam County, Texas. (ECF 1-3 at 7–12). Poole's Original Petition brings claims of slander of title, fraud/misrepresentation, negligence, conversion, aiding and abetting breaches of fiduciary duties, and tortious interference with contracts against the Lender Defendants and Brad Cottrell ("Cottrell"). (*Id.*).

On February 11, 2019, the Lender Defendants filed their Motion to Dismiss and brief in support. (ECF 7–8)[1]. The Lender Defendants argued Poole's claims should be dismissed because (1) Poole's claims were barred by collateral estoppel and res judicata due to a previous state court suit, and (2) Poole's Original Petition could not satisfy the Federal Rule of Civil Procedure 12(b)(6) standard because the petition failed to state a claim upon which relief can be granted.

On September 4, 2019, the Court issued its Findings, Conclusions, and Recommendation to Grant Defendants' Motion to Dismiss, in which the Court gave Poole the opportunity to either: (1) use the 14-day period for filing objections to file an amended complaint; or (2) file objections to the Findings, Conclusions, and Recommendation. (ECF 32 at 12–13). The Court also provided that, should Poole file an amended complaint, the Lender Defendants could move anew to dismiss if they had grounds to do so. (ECF 32 at 13). Poole filed a First Amended Complaint on September 18, 2019. (ECF 34). Subsequently, the Lender Defendants filed a Second Motion to Dismiss on October 7, 2019. (ECF 37).

## II. ANALYSIS

"Courts in the Northern District of Texas generally adhere to the school of thought that an amended complaint, which supersedes the original complaint as the operative live pleading, renders moot a motion to dismiss the original complaint." *Garcia v. City of Amarillo, Texas*, No. 2:18-CV-95-D-BR, 2018 WL 6272461, at *1 (N.D. Tex. Oct. 29, 2018), *findings, conclusions, and recommendation adopted*, No. 2:18-CV-095-D, 2018 WL 6268222 (N.D. Tex. Nov. 30, 2018). "However, a motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot. Rather, the

---

[1] The Lender Defendants' Motion to Dismiss did not seek dismissal of Poole's claims against Cottrell.

court has the discretion to apply the original motion to dismiss to the amended complaint." *New World Int'l, Inc. v. Ford Glob. Techs., LLC*, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017).

The Court, having carefully reviewed Plaintiff's First Amended Complaint (ECF 34) and Defendants' Second Motion to Dismiss (ECF 37), concludes that Defendants' Motion to Dismiss (ECF 7) should be denied as moot. However, because the Court previously allowed Poole to file an amended complaint and the Lender Defendants to move anew to dismiss, the undersigned recommends that a denial of Defendants' Motion to Dismiss should be without prejudice. *See Xtria, LLC v. Int'l Ins. All. Inc.*, No. CIV.A.309-CV-2228-D, 2010 WL 1644895, at *2 (N.D. Tex. Apr. 22, 2010) ("Because [the plaintiff] has been granted leave to amend, [the defendant's] motions to dismiss and for judgment on the pleadings are denied without prejudice as moot.").

## III. RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Defendants' Motion to Dismiss (ECF 7) be DENIED without prejudice as moot. It is further RECOMMENDED that the District Judge remand the September 4, 2019 Findings, Conclusions, and Recommendation (ECF 32) to the undersigned to be withdrawn by her.

\*\*\*

The Court notes that the parties may, if they so choose, file a joint notice waiving their right to object to these Supplemental Findings, Conclusions, and Recommendation.

## IV.  INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Supplemental Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 8, 2019.

*[signature: Lee Ann Reno]*

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs.*, *Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).