IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KAREN POOLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-23-Z-BR |
| | § | |
| AXA EQUITABLE LIFE INSURANCE COMPANY, AXA EQUITABLE AGRIFINANCE, LLC, and BRAD COTTRELL, Individually, | § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO GRANT DEFENDANT AXA EQUITABLE AGRIFINANCE, LLC'S MOTION TO DISMISS**

Before the Court is Defendant AXA Equitable AgriFinance, LLC's ("AgriFinance") Motion to Dismiss (ECF 44). AgriFinance moves to dismiss the causes of action against Brad Cottrell in Plaintiff Karen Poole's ("Poole") First Amended Complaint. (*Id.* at 1) based on the District Judge's Order (ECF 43) adopting the Findings, Conclusions, and Recommendation of the undersigned (ECF 31) and denying Poole's Motion to Remand (ECF 18). Specifically, the District Judge concluded that Poole's "Petition presents no possibility of recovery by [Poole] against Defendant Brad Cottrell under Texas law." (ECF 43 at 1). Additionally, the Court's Order stated: "The Court will entertain a motion to dismiss Defendant Cottrell when such motion is filed."

As explained in AgriFinance's Motion to Dismiss, when a court determines that a nondiverse party has been improperly joined "that party *must* be dismissed without prejudice." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (emphasis in original). "The only ground for dismissing an improperly joined, nondiverse party is lack of subject matter jurisdiction," because dismissal on any other ground would require jurisdiction against the improperly joined, nondiverse party that does not exist. *Id.* at 210. Poole filed a Response to Motion

to Dismiss Brad Cottrell (ECF 48), stating that Poole "concedes that, given the Court's ruling on Plaintiff's Motion to Remand and the relevant case law, dismissal of Cottrell without prejudice is mandatory."

For the reasons stated above, the Court recommends that AgriFinance's Motion to Dismiss (ECF 44) be GRANTED. The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 9, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).